UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANA MARIA RAVINES DE SCHUR,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH; HOUSING AUTHORITY OF SALT LAKE CITY; REGION US HOUSING AND URBAN DEVELOPMENT; and STATE OF UTAH CONTRACTORS TO HUMAN SERVICES FEDERAL FUNDING (DWS AND OTHERS),<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:22-cv-00130<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Ana Maria Ravines de Schur, proceeding *in forma pauperis*, filed this action against the State of Utah, the Housing Authority of Salt Lake City, "Region US Housing and Urban Development," and "State of Utah Contractors to Human Services Federal Funding (DWS and Others)." (*See* Compl., Doc. No. 5.)  For the reasons explained below, the court ORDERS Ms. Ravines de Schur to file an amended complaint by **April 21, 2022**.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may dismiss the case if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a

1

motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

Because Ms. Ravines de Schur proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted). While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

Ms. Ravines de Schur's complaint lacks a short and plain statement showing she is entitled to relief. Ms. Ravines de Schur alleges generally that her rights as a refugee have been violated in Utah, citing various international treaties and federal statutes governing refugee resettlement and assistance programs, and she seeks resettlement in another state and damages. (*See* Compl., Doc. No. 5 at 1–2, 26–36.) However, her complaint is devoid of specific factual allegations regarding how the named defendants have violated her legal rights. Instead, the majority of the complaint addresses general critiques of the inadequacy of Utah's public assistance programs, and includes lengthy discussions of politics, history, religion, and racism in Utah. (Compl., Doc. No. 6 at 4–17.) The only defendant about whom Ms. Ravines de Schur

makes specific allegations is the Housing Authority of Salt Lake City.  But she merely alleges this agency's officials have been unfriendly toward her, refusing to talk to her over the phone and, instead, requiring written communication.  (*Id.* at 3–4.)  These allegations, on their own, are insufficient to state a claim for a violation of any recognized legal right.  Although Ms. Ravines de Schur describes the Housing Authority's treatment of her as "discrimination," (*id.* at 4), she does not offer any facts suggesting the agency treated her differently on the basis of membership in a protected class.  And she fails to allege specific actions or omissions by the other defendants which have violated her legal rights.  Indeed, she does not even identify which "State of Utah contractors" she is suing.

For these reasons, Ms. Ravines de Schur's complaint fails to state a plausible claim for relief under Rule 12(b)(6).  It also fails to comport with Rule 8 because it does not provide fair notice to the defendants of the nature of her claims and the grounds on which they rest.  Further, because it lacks an arguable basis in law or fact, the complaint is frivolous.  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).  Accordingly, the court gives Ms. Ravines de Schur an opportunity to amend her complaint.

## CONCLUSION

The court ORDERS as follows:

1. Ms. Ravines de Schur is ordered to file an amended complaint by **April 21, 2022**. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

3. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's February 25, 2022 order, (Doc. No. 4), remains in place.

4. Failure to file an amended complaint may result in a recommendation to dismiss this action.

DATED this 7th day of April, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge