UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANA MARIA RAVINES DE SCHUR,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH; HOUSING AUTHORITY OF SALT LAKE CITY; REGION US HOUSING AND URBAN DEVELOPMENT; and STATE OF UTAH CONTRACTORS TO HUMAN SERVICES FEDERAL FUNDING (DWS AND OTHERS),<br><br>Defendants. | REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE<br><br><br>Case No. 2:22-cv-00130<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Ana Maria Ravines de Schur, proceeding *in forma pauperis*, filed this action against the State of Utah, the Housing Authority of Salt Lake City, "Region US Housing and Urban Development," and "State of Utah Contractors to Human Services Federal Funding (DWS and Others)."[1] After screening Ms. Ravines de Schur's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court ordered Ms. Ravines de Schur to file an amended complaint.[2] Ms. Ravines de Schur filed an amended complaint naming only the Salt Lake City Housing Authority as a defendant.[3]

---

[1] (Compl., Doc. No. 5.)

[2] (Mem. Decision and Order to File Am. Compl. ("Order to Amend"), Doc. No. 10.)

[3] (Am. Compl., Doc. No. 13.)

1

Upon review under 28 U.S.C. § 1915(e)(2)(B), it is evident Ms. Ravines de Schur's amended complaint fails to state any plausible claim for relief over which this court has jurisdiction, and further opportunities to amend would be futile. Accordingly, the undersigned[4] recommends the district judge dismiss this action without prejudice.

## LEGAL STANDARDS

When a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint fails to state a claim on which relief may be granted.[5] However, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[6] This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[7]

In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8] To avoid dismissal under Rule 12(b)(6),

---

[4] This case is assigned to District Judge David Barlow and referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted).

[7] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[8] *Kay*, 500 F.3d at 1217.

a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[9] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[10] But the court need not accept the plaintiff's conclusory allegations as true.[11] "[A] plaintiff must offer specific factual allegations to support each claim."[12]

Because Ms. Ravines de Schur proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[13] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[14] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[15] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[16] the court "will not

---

[9] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[10] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[13] *Hall*, 935 F.2d at 1110.

[14] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[15] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[16] *Hall*, 935 F.2d at 1110.

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[17]

## ANALYSIS

The court found Ms. Ravines de Schur's original complaint deficient because it failed to state a plausible claim for relief and failed to provide fair notice of the nature of her claims.[18] While Ms. Ravines de Schur alleged generally that her rights as a refugee had been violated in Utah and presented broad critiques of the inadequacy of Utah's public assistance programs, her complaint was devoid of specific factual allegations regarding how the named defendants had violated her legal rights.[19] The court noted Ms. Ravines de Schur's allegations that Salt Lake City Housing Authority officials were unfriendly toward her and required her to communicate in writing were insufficient to state a claim for a violation of any recognized legal right.[20] And although Ms. Ravines de Schur described the Housing Authority's treatment of her as "discrimination,"[21] the court noted she did not offer any facts suggesting the agency treated her

---

[17] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[18] (Order to Amend 3–4, Doc. No. 10.)

[19] (*See id.*; *see also* Compl., Doc. No. 5.)

[20] (*See* Order to Amend 4, Doc. No. 10; *see also* Compl. 3–4, Doc. No. 5.)

[21] (Compl. 4, Doc. No. 5.)

differently on the basis of membership in a protected class.[22]  Finally, the court noted Ms. Ravines de Schur failed to identify which "State of Utah contractors" she was suing.[23]

Ms. Ravines de Schur's amended complaint fails to correct these deficiencies.  As an initial matter, Ms. Ravines de Schur brought her amended complaint only "against the Salt Lake City Housing Authority."[24]  Where she does not allege claims against any other defendants, Ms. Ravines de Schur has abandoned her claims against the other defendants named in her original complaint.[25]

Ms. Ravines de Schur's primary grievance appears to be that the Salt Lake City Housing Authority failed to "export" her Section 8 housing voucher to the California county where she seeks to relocate.[26]  Ms. Ravines de Schur asks the court to "authorize the export of a family [S]ection 8 voucher and the costs for transporting our few belongings to Placer County, that we may abandon the State of Utah as soon as possible."[27]  To the extent Ms. Ravines de Schur seeks judicial review of the Housing Authority's decisions (or failure to act) with respect to her Section 8 voucher, this court lacks jurisdiction over her claim.  Although federal courts may review

---

[22] (Order 4, Doc. No. 10.)

[23] (*Id.*)

[24] (Am. Compl. 1, Doc. No. 13.)

[25] *See Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (unpublished) (finding the plaintiff dropped claims and defendants by not including them in an amended complaint because "[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect").

[26] (*See* Am. Compl. 4, Doc. No. 13.)

[27] (*Id.* at 6.)

5

agency action or inaction in some circumstances under the Administrative Procedures Act[28] (APA), the APA "does not grant federal courts jurisdiction to review actions of state or municipal agencies."[29] The Salt Lake City Housing Authority is not a federal agency for purposes of the APA, even if it administers Section 8 housing vouchers.[30] The court is unaware of any other cognizable cause of action which would permit this court to grant the relief Ms. Ravines de Schur seeks.

The remainder of the allegations in Ms. Ravines de Schur's amended complaint amount to generalized grievances regarding Utah's political, cultural, and religious climate.[31] Ms. Ravines de Schur fails to state any cognizable claim for relief against the Salt Lake City Housing Authority or any other defendant.

In sum, this court lacks jurisdiction over Ms. Ravines de Schur's claim for judicial review of the Salt Lake City Housing Authority's decisions regarding her Section 8 voucher, and her amended complaint fails to state any other plausible claim for relief. Because Ms. Ravines de Schur has already been given an opportunity to amend and failed to cure the deficiencies in her

---

[28] 5 U.S.C. § 701, *et seq.*

[29] *Hunter v. Underwood*, 362 F.3d 468, 477 (8th Cir. 2004); *see also Merryfield v. Disability Rights Ctr. of Kan.*, 439 F. App'x 677, 679 (10th Cir. 2011) (unpublished).

[30] *See Clifford v. Dewbury Homes*, No. 2:18-cv-00522, 2022 U.S. Dist. LEXIS 5752, at *12 (D. Utah Jan. 11, 2022) (unpublished) ("[T]he APA applies to federal agencies, not to state agencies like the Housing Authority of Salt Lake County."); *see also Hunter*, 362 F.3d at 477 ("We find nothing in [42 U.S.C. § 1437, the federal statute addressing public housing agencies] that either grants federal agency status to the state agency or grants federal courts the jurisdiction to review the actions of local public housing agencies.").

[31] (*See* Am. Compl. 2–8, Doc. No. 13.)

```
```

original complaint, further opportunities to amend would be futile.  Thus, dismissal without prejudice is appropriate.[32]

## RECOMMENDATION

Where Ms. Ravines de Schur's amended complaint fails to state any plausible claim for relief over which this court has jurisdiction, and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The court will send this Report and Recommendation to Ms. Ravines de Schur, who is notified of her right to object to it.  Ms. Ravines de Schur must file any objection within fourteen (14) days of service.[33]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30th day of November, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[32] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (providing a dismissal for lack of jurisdiction must be without prejudice).

[33] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(2).